UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 10-128-JBC

WANDA L. CARVER, PLAINTIFF,

V.   **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION, DEFENDANT.

\* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Wanda L. Carver's appeal of the Commissioner's denial of her application for Supplemental Security Income ("SSI") (R. 9, 11). The court will grant the Commissioner's motion and deny Carver's motion because substantial evidence supports the administrative decision.

At the time of the alleged disability onset, Carver was a 40-year-old female. AR 139. She was a high school graduate and had past relevant work as a food preparer. AR 46, 49. Carver alleged disability and filed her claim for SSI on August 13, 2008. AR 45. The claim was denied initially on October 27, 2008, and again upon reconsideration on April 21, 2009. AR 8. After a video hearing on March 31, 2010, Administrative Law Judge ("ALJ") Charles J. Arnold determined that Carver was not under a disability as defined in the Social Security Act. AR 14. At Step 1, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ found that Carver had not engaged in

substantial gainful activity since the alleged disability onset date. AR 10. At Step 2, the ALJ found that Carver had severe impairments of obesity, a history of anxiety/depression, irritable bowel syndrome, gastroesophageal reflux disorder, and bladder leakage. AR 10. The ALJ then determined at Step 3 that Carver's impairments, singly or in combination, did not meet or medically equal a listing in the Listing of Impairments. AR 12. At Step 4, the ALJ found that Carver had the residual functioning capacity ("RFC") to perform a modified range of medium work requiring only indirect contact with the public and minimal contact with others. AR 12. Based on this RFC determination, the ALJ found that Carver was able to perform the requirements of her past relevant work.  As Carver was therefore not under a disability, the ALJ denied her claims for SSI. AR 14. On August 27, 2010, the Appeals Council denied Carver's request for review of the ALJ's decision, and Carver commenced this action.

Carver challenges the ALJ's ruling on the grounds that the ALJ erred in failing to properly consider the medical opinions of record regarding Carver's mental RFC and in rendering his own medical opinion regarding the effect Carver's physical impairments would have on her ability to work.

The ALJ properly considered the medical opinions of record regarding Carver's mental RFC.  The ALJ was presented with opinions from one-time examining psychologist Greg V. Lynch, Ph.D., and agency reviewing psychologists Ed Ross, Ph.D., and Edward Stodola, Ph.D.  The ALJ discussed Dr. Lynch's opinion, noting that Dr. Lynch diagnosed Carver with a major depressive disorder

that was chronic but moderate, with moderate to marked deficiency in ability to concentrate and stay on task as well as social isolation. AR 11. The ALJ specifically addressed these concerns in his opinion, noting that Carver's social isolation was apparently by choice rather than necessity, and finding that she was capable of performing work requiring only indirect contact with the public and minimal contact with others. AR 12. Carver argues that the ALJ erred in not giving Dr. Lynch's opinion ample weight, but as Drs. Lynch, Ross, and Stodola are not Carver's treating physicians or psychologists, their opinions are entitled to no special weight or deference. *See Smith v. Commissioner of Social Security,* 482 F.3d 873, 876 (6th Cir. 2007); *Barker v. Shalala,* 40 F.3d 789, 794 (6th Cir. 1994).

Carver is correct in asserting that the ALJ did not specifically address each medical opinion – the opinions of Drs. Ross and Stodola are not individually evaluated in the ALJ's decision. However, the ALJ is not required to specifically evaluate each medical opinion; rather, the ALJ "may not ignore these opinions and must explain the weight given to the opinions in [his] decision." SSR 96-6p, 1996 WL 374180 (July 2, 1996). Here, the ALJ noted that beyond his discussion of Dr. Lynch's opinion, the other medical evidence "is consistent in its lack of any finding of disability on the part of either examining, treating, or reviewing medical personnel." AR 14. The ALJ gave "great weight" to this "powerful evidence that the claimant is not disabled." *Id*. Drs. Ross and Stodola agreed that Carver can (1) understand, remember, and carry out simple or detailed instructions for two-hour

3

segments over an eight-hour workday, five days a week; (2) relate adequately in task-oriented nonpublic settings; and (3) adapt to the changes and pressures of a routine setting. AR 115, 120. Dr. Stodola further stated that Dr. Lynch's findings as to the severity of Carver's mental impairments were "not supported by the evidence related to discrete mental allegations." AR 115. These records are consistent with the ALJ's findings.

Carver claimed only one treating source, Mountain Comprehensive Health ("MCH"), but she offered no treatment records from MCH dated after the onset of the alleged disability on August 13, 2008. MCH never issued Carver any restrictions or limitations, either mentally or physically. AR 76-135. The absence of mental or physical limitations or restrictions from the treating source also constitutes substantial evidence in support of the ALJ's finding of no disability. *See Longworth v. Commissioner, Social Security Admin.*, 402 F.3d 591, 596 (6th Cir. 2005).

The ALJ acted within his authority in fashioning his own RFC determination rather than adopting the evaluations of the examining or consulting physicians. The final responsibility for determining RFC lies with the ALJ. The difference between a medical source opinion and an RFC assessment is as follows:

> A medical source statement is evidence that is submitted to SSA by an individual's medical source reflecting the source's opinion based on his or her knowledge, while an RFC assessment is the adjudicator's ultimate finding based on a consideration of this opinion and all the other evidence in this case record about what an individual can do despite his or her impairment(s).

4

SSR 96-5p, 1996 WL 374183 (July 2, 1996). While opinions of reviewing physicians are relevant evidence, the ALJ makes the ultimate determination using both medical and nonmedical evidence. Here, the ALJ did not create the physical RFC determination by substituting his own medical judgment for that on the record, but rather properly relied on that medical evidence, including the medical report of Dr. Lynch and the case analysis performed by Veronica Noe of Kentucky Disability Determination Services. AR 11-12. These sources adequately express how Carver's physical ailments affect her residual functional capacity. The ALJ was well within his authority in choosing not to adopt any of the opinions verbatim and in fashioning the RFC in the context of all of the evidence, including the medical evidence of record and his own determinations on Carver's credibility.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Carver's motion (R. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion (R.11) is **GRANTED.**

The court will enter a separate judgment.

Signed on January 19, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY